UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
        -against-                  :      No. 91 Cr. 908 (JFK)
                                   :      **ORDER**
MIGUEL DEJESUS LIRIANO,            :
                                   :
                Defendant.         :
----------------------------------X

**JOHN F. KEENAN, United States District Judge:**

After a trial by jury, Defendant Miguel Liriano was convicted of conspiracy to distribute cocaine and possession of cocaine. On September 15, 1992, Defendant was sentenced to a term of imprisonment of sixteen years to be followed by five years of supervised release. To date, Defendant has served approximately fifty-two months of supervised release. Defendant now moves pursuant to Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3583(e) for an order terminating the eight months remaining of his term of supervised release.[1]

Under 18 U.S.C. § 3583(e)(1), after a defendant has completed one year of supervised release, the court may terminate the remaining term if "such action is warranted by the conduct of the defendant released and the interest of justice." When determining whether to grant the motion, the court also

---

[1] After a hearing on September 5, 2007, the Court denied a previous motion by Defendant requesting the same relief. At the time of his first application, Defendant had only completed approximately two years of supervised release. However, the Court granted Defendant leave to renew his application after completing an additional year of supervised release.

1

must consider various factors set forth in 18 U.S.C. § 3553(a), including: (1) the nature and circumstance of the offense and the defendant's history and characteristics; (2) deterrence; (3) protection of the public; (4) the need to provide defendant with training, medical care, or other correctional treatment; (5) sentencing ranges and sentences for similarly situated defendants; (6) any pertinent policy statement of the Sentencing Commission; and (7) the need to avoid unwarranted disparities between similarly situated defendants. Id. § 3583(e).

Defendant moves for termination of his remaining term of supervised release on the basis of his overall good conduct. He argues that, while in prison, he incurred no behavioral or misconduct infractions, and he used his time productively to complete rehabilitation programs and further his education. After his release from prison, Defendant secured regular employment, resumed participation in his church, and has otherwise complied with all conditions of his supervised release. Additionally, Defendant states that the terms of his supervised release hinder his ability to travel to the Dominican Republic to care for his ailing mother. The Government opposes the motion because Defendant has not presented any extraordinary circumstances necessitating the requested relief.

Generally, early termination of supervised release is justified in light of "new or unforeseen circumstances," such as

"exceptionally good behavior by the defendant" which makes "a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). However, such motions should not be granted as a matter of course because "[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005).

Having considered Defendant's submission, the circumstances of his conviction, and all other relevant 3553(a) factors, the Court concludes that his is not the exceptional case warranting early termination of supervised release. The Court is pleased to hear of Defendant's efforts to better himself and his satisfactory performance while on supervised release. Although his conduct may be notable in the sense that not all current or former inmates can successfully adjust to incarceration and supervised release, he has done nothing more than what is expected of all criminal defendants. See United States v. Rasco, No. 88 Cr. 817, 2000 WL 45438, at *3 (S.D.N.Y. Jan. 19, 2000) ("While [defendant's] good behavior in prison and on supervised release is laudable, I am not satisfied that his conduct has been so unusual as to merit the early termination of

his supervised release."); United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.").

Moreover, requiring Defendant to serve the remaining eight months of supervised release is not unduly burdensome. The Government has indicated that the Probation Department will accommodate Defendant if he wishes to visit his mother more frequently, and it has even agreed to allow Defendant to report to Probation from the Dominican Republic. Since Defendant is able to assist his mother while completing the relatively short amount of supervised release remaining, the Court sees no reason for early termination.

Defendant's motion for early termination of supervised release is denied.

**SO ORDERED.**

Dated:   New York, New York
         February //, 2010

                                             *John F. Keenan*
                                             **John F. Keenan**
                                             **United States District Judge**